PER CURIAM:
Claimant brought this action for vehicle damage which occurred when the 1990 Chevrolet Cavalier that his son was driving struck a hole as he was traveling north on County Route 44, also known as Bill’s Creek Road, Putnam County. County Route 44 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 7:30 a.m. on May 5, 2003, a rainy morning. County Route 44 is a two-lane highway at the area of the incident involved in this claim. Claimant’s son, Dustin Young, testified that he was driving between fifteen and twenty miles per hour because he had just driven through a school zone. Mr. Young also stated that it had just stopped raining. Claimant’s son stated that there was a vehicle traveling in the opposite direction which caused him to drive his vehicle closer to the edge of the road as the road was not very wide through this section. The vehicle struck a hole in the road that he had not seen. Dustin Young stated that the hole knocked the vehicle out of balance, then went up a hillside next to the road and flipped onto the vehicle’s top. Claimant’s vehicle sustained extensive damages. Dustin Young also sustained a cut on his arm that required stitches. Claimant incurred $2,300.00 in damages for the vehicle, towing, and medical expenses for his son.
The position of the respondent is that it was not negligent in its maintenance of County Route 44, and even if it was, Dustin Young’s negligence was greater than or equal to its own negligence.
Deputy C.S. Tusing, a road deputy with the Putnam County Sheriff’s Department, testified that he was dispatched to investigate Dustin Young’s accident. He stated that he has investigated around 500 accidents in his time as a deputy, tie took a signed statement from Mr. Young in which Mr. Young stated that he had lost control of his vehicle, slid into a ditch, and then the vehicle rolled over onto its top. Deputy Tusing also cited as a contributing circumstance the slippery pavement. He testified that he did not identify a hole in the road as a contributing circumstance as there was no indication that claimant’s vehicle struck a hole. Deputy Tusing testified that if anyone had mentioned a hole in the road to him, he would have marked it as a contributing circumstance in his investigative report. He further testified that based upon his experiences in investigating accidents, it was unlikely that a vehicle traveling at fifteen to twenty miles per hour would flip over in the way in which the claimant described. Deputy Tusing stated that for a vehicle to flip over like the claimant’s vehicle did, it would have had to be going at a greater speed than twenty miles per horn.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. *7 of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that claimant’s son’s negligence was the cause of the accident. Based upon the statement given to the investigating officer at the scene of the accident and the evidence adduced at trial, the Court is of the opinion that the respondent was not negligent in its maintenance of County Route 44. Thus, the claimant may not make a recovery for his loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.